IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA M. PIASECKI,<br><br>        Plaintiff,<br><br>vs.<br><br>LOZANO, SMITH, INC., CARLITA ROMERO, et al.,<br><br>        Defendants. | **New** Case No.<br>1:11-cv-01219-SMS (Doc. 11)<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Expert Disclosure Deadline:<br>10/19/12<br><br>Supplemental Expert<br>Disclosure Deadline:<br>11/9/12<br><br>Discovery Deadline:<br>10/26/12 (non-expert)<br>11/30/12 (expert)<br><br>Non-Dispositive Motion<br>Filing Deadline: 11/16/12<br><br>Dispositive Motion<br>Filing Deadline: 12/14/12<br><br>Settlement Conference Date:<br>*parties to engage in mediation*<br><br>Pre-Trial Conference Date:<br>2/13/13, 1:30pm, Ctrm. 1/**SMS**<br><br>Trial Date: 4/8/13, 9:00am,<br>Ctrm. 1/**SMS** (JT ~ 7-10 days) |

    1.    Date of Scheduling Conference:

        November 8, 2011.

2. Appearances of Counsel:

Jacob J. Rivas, Esq., appeared on behalf of plaintiff.

Bren K. Thomas, Esq., of Littler Mendelson appeared on behalf of defendants.

3. The Pleadings:

A. Summary of the Pleadings.

This case alleges retaliation under both California and federal law, and disability discrimination under California Government Code §§ 12940, et seq.

<u>Plaintiff's Contentions</u>

Plaintiff worked for defendant as a legal secretary beginning in June of 2009 and ending in February of 2011. Shortly after her date of hire, plaintiff complained to supervisors regarding inequitable employment practices which favored other legal secretaries over plaintiff. Despite her complaints, nothing was done to address plaintiff's concerns. Her working conditions contributed to an exacerbation of her Grave's disease. Plaintiff then submitted her complaints to the Equal Employment Opportunities Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"), and she was terminated by defendants shortly thereafter.

Plaintiff claims she was subjected to retaliation and discrimination in the terms of her employment and termination.

<u>Defendants' Contentions</u>

Defendants deny all liability as to each claim alleged in plaintiff's complaint. Furthermore, defendants deny that plaintiff suffered any adverse employment action as a result of any alleged disability or retaliation. Defendants have filed an

2

answer herein alleging specific affirmative defenses, which they incorporate by reference.

   B.   Orders Re: Amendment of Pleadings.

   No amendments are proposed at this time.

4.   Factual Summary:

   A.   Admitted Facts which are deemed proven without further proceedings.

   (1)   Plaintiff was hired as a legal secretary by defendant firm in or around June of 2009.

   (2)   Plaintiff's job duties consisted of preparation of legal documents.

   (3)   Plaintiff took leave in October of 2010 and returned in December of 2010.

   (4)   On January 10, 2011, plaintiff met with Greg Wedner to discuss issues relating to her employment.

   (5)   Plaintiff sent an email to Carlita Romero, Andy Garcia, and Greg Wedner on January 13, 2011, stating that she had filed a claim with the DFEH and EEOC.

   (6)   Plaintiff was terminated by defendant firm on February 3, 2011.

   B.   Contested Facts.

   (1)   Whether plaintiff performed her job duties in a competent and efficient manner.

   (2)   Whether plaintiff was treated in the same manner and held to the same standards as other legal assistants.

   (3)   Whether plaintiff was subjected to discriminatory conduct by defendants based on her alleged disability and submission of claims to the DFEH and EEOC.

3

(4)  Whether plaintiff was subjected to retaliatory conduct by defendants based on her alleged disability and submission of claims to the DFEH and EEOC.

(5)  Whether plaintiff, prior to February of 2010, ever received any negative criticism regarding her job performance and work product.

(6)  Whether, between June of 2009 and February of 2010, similarly situated legal secretaries employed with defendant firm began taking prolonged lunches and breaks, arriving late to work, departing early from work, and using the internet for non work-related matters.

(7)  If privileges were afforded to similarly situated legal secretaries employed with defendant firm, including taking prolonged lunches and breaks, arriving late to work, departing early from work, and using the internet for non work-related matters, whether plaintiff was afforded similar privileges.

(8)  Whether plaintiff was required to perform additional work in order to compensate for the work not being done by the other legal secretaries.

(9)  Whether plaintiff complained to her immediate supervisor, Tom Gauthier, Esq., that she was being required to perform additional and different job duties than other similarly situated legal secretaries in the office.

(10) Whether plaintiff further complained that her work load was substantially greater than other similarly situated legal secretaries because they were taking prolonged lunches and breaks, arriving late to work, departing early from work, and using the internet for non work-related matters.

4

        (11) Whether plaintiff raised complaints in February of 2010; and, if immediately afterwards, whether she began receiving negative comments and criticism regarding her job performance and work product, including verbal and written reprimands.

        (12) Whether a performance evaluation conducted in July of 2010 concluded that plaintiff "consistently performs all duties of the position in a fully capable manner; meets all expected criteria for quality, quantity and timeliness of work, including meeting goals and objectives."

        (13) Whether plaintiff suffered an exacerbation of her Graves' disease due to the conditions of her employment with defendant firm.

        (14) Whether plaintiff contacted the DFEH to discuss the disparate treatment by defendant firm.

        (15) Whether plaintiff contacted the EEOC to discuss the disparate treatment by defendant firm.

        (16) All other facts.

5.    Legal Issues:

    A.    Uncontested.

        (1)    Federal question jurisdiction under 28 U.S.C. § 1441(b).

        (2)    Venue.

    B.    Contested.

        (1)    Whether defendants violated 42 U.S.C. § 2000e-3.

        (2)    Whether defendants violated California Government Code § 12940(h).

//

1                    (3)   Whether defendants violated California
2  Government Code § 12926(a).
3                    (4)   Whether defendants are liable to plaintiff.
4                    (5)   Whether plaintiff is entitled to damages.
5                    (6)   All other legal issues.
6       6.    Consent to Magistrate Judge Jurisdiction:
7            On November 9, 2011 (Doc. 11), pursuant to the consent of
the parties, Judge Ishii ordered this case reassigned solely to the
docket of the Honorable Sandra M. Snyder, United States Magistrate
Judge, for all purposes, including trial, thereby changing the case
number/initials as follows:

## 1:11-cv-01219-SMS

Counsel are herein advised that future use of an incorrect case
number/initials could result in documents being mis-directed and/or
mis-calendared by the appropriate judicial officer and/or staff.

16      7.    Discovery Plan and Cut-Off Dates:
17            A.    Pursuant to F.R.Civ.P.26(b), and except as the court
may order after a showing of good cause, the "(p)arties may obtain
discovery regarding any matter, not privileged, that is relevant to
the claim or defense of any other party."
21            B.    Unless otherwise stipulated between the parties or
ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery
shall be limited as follows:
24                  (1)   Depositions:
25                        a.   Each side may take no more than ten (10)
depositions.
27                        b.   A deposition shall be limited to one (1)
day of seven (7) hours.  F.R.Civ.P.30(d).

6

1         (2)   Interrogatories:

2           a.  "(A)ny party may serve upon any other party
3 written interrogatories, not exceeding 25 in number including all
4 discrete subparts . . ."  F.R.Civ.P.33(a).

5     C.   Pursuant to F.R.Civ.P.26(e), the parties shall
6 supplement their disclosures and amend their responses to discovery
7 requests in a timely manner.

8     D.   The parties are ordered to complete all discovery
9 pertaining to non-experts on or before October 26, 2012, and all
10 discovery pertaining to experts on or before November 30, 2012.

11     E.   The parties are directed to disclose all expert
12 witnesses, in writing, on or before October 19, 2012, and all
13 supplemental expert witnesses, in writing, on or before November 9,
14 2012.  The written designation of experts shall **be made pursuant to**
15 **F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all**
16 **information required thereunder**.  Failure to designate experts in
17 compliance with this Order may result in the court excluding the
18 testimony or other evidence offered through such experts that are
19 not disclosed pursuant to this Order.

20     The provisions of Fed.R.Civ.P. 26(b)(4) and (5)
21 shall apply to all discovery relating to experts and their
22 opinions.  Experts must be fully prepared to be examined on all
23 subjects and opinions included in the designation.  Failure to
24 comply will result in the imposition of sanctions, which may
25 include striking the expert designation and preclusion of expert
26 testimony.

27 //

28 /

7

8.   Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before November 16, 2012, and are (customarily) heard on Wednesdays at 10:00 a.m. in Courtroom No. 1 on the Eighth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge.  **NOTE**: It is the policy of Judge Snyder's chambers that a hearing date first be cleared with chambers staff at (559) 499-5692 prior to the filing of any non-dispositive motions and supporting documents.  Judge Snyder's chambers also requires prompt courtesy copies in excess of 25/50 pages in compliance with **Local Rule 133(f)**.  **Counsel must also comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**[1]

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144.  However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a (written) request to so appear is presented to chambers staff (559-499-5692) no later than five (5) court days prior to the noticed hearing date.  **ALL Out-of-town**

---

[1] Local Rule 251(a) ~ **revised 12/1/09** ~ requires a joint statement re discovery disagreement be filed seven (7) days before the scheduled hearing date (i.e., the Wednesday prior to the customary Wednesday hearing).  Any motion(s) will be dropped from calendar IF the statement is not filed OR timely filed AND courtesy copies of any and all motions, including the 251 stipulation, declarations, and exhibits, properly tabbed, fastened, and clearly identified as a "Courtesy Copy (to avoid inadvertent, duplicative, and/or erroneous filing by court staff), exceeding twenty-five (25) pages pursuant to Local Rule 133(f), are not delivered to the Clerk's Office at 9:00 a.m. on the fourth (4th) FULL day (or Thursday) prior to the (customary) hearing (on Wednesday).

**counsel are strongly encouraged to appear telephonically via a single conference call to chambers**.  If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to make prior arrangements for the single conference call with an AT&T operator, IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the court.

<u>Regarding discovery disputes</u>, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party shall then seek a prompt hearing with the assigned Magistrate Judge by telephone or in person.  If the hearing is to be conducted by telephone, the Courtroom Deputy Clerk will inform counsel of the date and time of the hearing, and it shall be the responsibility of the moving party to initiate the telephonic conference call to chambers.  The recording of telephonic hearings or conferences with the Court is prohibited, except with prior permission of the Court.  The request for a hearing with a judicial officer carries with it a professional representation by the attorney that a conference has taken place and that s/he has made a good faith effort to resolve the dispute.

The attorneys or unrepresented parties shall supply the assigned Magistrate Judge with the particular discovery materials (i.e., objectionable answers to interrogatories) that are needed to understand the dispute.

//

9

If the assigned Magistrate Judge decides that motion papers and supporting memoranda are needed to satisfactorily resolve the discovery dispute, such papers shall be filed in conformity with Rule 7.  Such motions shall (1) quote in full each interrogatory, question at deposition, request for admission, or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought; and, (2) the response or objection and grounds therefor, if any, as stated by the opposing party.

Unless otherwise ordered by the Court, the complete transcripts or discovery papers need not be filed with the Court pursuant to subsection (c) of this rule unless the motion cannot be fairly decided without reference to the complete original.

All Dispositive Pre-Trial Motions shall be filed on or before December 14, 2012, and are (customarily) heard on Wednesdays at 10:00 a.m. in Courtroom No. 1 on the Eighth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge.  In scheduling such motions, counsel shall comply with **Local Rules 230 and 260**.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit

10

in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the Court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

9.   Pre-Trial Conference Date:

February 13, 2013 at 1:30 p.m. in Courtroom No. 1 on the Eighth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge.

Ten (10) days prior to the Pretrial Conference, the parties shall exchange the disclosures required pursuant to F.R.Civ.P. 26(a)(3).

The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule 281(a)(2)**.  The parties are further ordered to submit a digital copy of their Joint Pretrial Statement in WordPerfect X3[2] format to Judge Snyder's chambers by e-mail to SMSOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California

---

[2] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

11

as to the obligations of counsel in preparing for the Pre-Trial Conference.  **The Court will insist upon strict compliance with those Rules**.

    10.   Trial Date:

        April 8, 2013 at 9:00 a.m. in Courtroom No. 1 on the Eighth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge.

        A.   This is a jury trial.

        B.   Counsels' Estimate of Trial Time:

        7-10 days.

        C.   Counsels' attention is directed to **Rule 285 of the Local Rules** of Practice for the Eastern District of California.

    11.   Settlement Conference:

        The parties agree to engage in a private mediation prior to and independent of any Settlement Conference.  However, should the parties desire a Settlement Conference, they will jointly request one of the Court, and one will be arranged.

    12.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

        Not applicable at this time.  However, defendant may request bifurcation of liability and punitive damages.

    13.   Related Matters Pending:

        Not applicable at this time.

    14.   Compliance with Federal Procedure:

        The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient administration of this case, all counsel are expected to

1  familiarize themselves with the Federal Rules of Civil Procedure
2  and the Local Rules of Practice for the Eastern District of
3  California, and to keep abreast of any amendments thereto.  The
4  Court must insist upon compliance with these Rules if it is to
5  efficiently handle its increasing caseload.  Sanctions will be
6  imposed for failure to follow the Rules as provided in both the
7  Fed.R.Civ.P. and the Local Rules.

8      15.  Compliance with Electronic Filing Requirement:

9      On January 3, 2005, the United States District Court for
10 the Eastern District of California became an electronic case
11 management/filing district (CM/ECF).  Unless excused by the Court,
12 or by Local Rule, attorneys shall file all documents electronically
13 as of January 3, 2005, in all actions pending before the court.
14 While Pro Se Litigants are exempt from this requirement, the court
15 will scan in all documents filed by pro se litigants, and the
16 official court record in all cases will be electronic.  Attorneys
17 are required to file electronically in pro se cases.  More
18 information regarding the Court's implementation of CM/ECF can be
19 found on the court's web site at www.caed.uscourts.gov, including
20 the Court's Local Rules, the CM/ECF Final Procedures, and the
21 CM/ECF User's Manual.

22     While the Clerk's Office will not refuse to file a
23 proffered paper document, the Clerk's Office will scan it and, if
24 improperly filed, notify the Court that the document was filed in
25 an improper format.  An order to show cause (OSC) may be issued in
26 appropriate cases regarding an attorney's disregard for the
27 requirement to utilize electronic filing, or other violations of
28 these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).

13

All counsel must be registered for CM/ECF.  On-line registration is available at www.caed.uscourts.gov.  Once registered, counsel will receive a login and password in approximately one (1) week.  Counsel must be registered to file documents on-line.  See L.R. 135(g).  Counsel are responsible for knowing the rules governing electronic filing in the Eastern District.  Please review the Court's Local Rules available on the Court's web site.

16.   Effect of this Order:

The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ORDERED to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

Scheduling orders are vital to the Court's case management.  Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril."  *Johnson*, 975 F.2d at 610.

14

**THEREFORE, FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   November 10, 2011**                    /s/ **Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE