1  JACOB J. RIVAS, Bar No. 208504
   LAW OFFICE OF JACOB J. RIVAS
2  7050 N. Fresno Street, Suite 208
   Fresno, California
3  Telephone: 559.263.9667
   Facsimile: 559.263.9668
4  Email: jacob.rivas@att.net

5  Attorneys for Plaintiff
   CYNTHIA M. PIASECKI

6

7

8  BREN K. THOMAS, Bar No. 156226
   KHATEREH SAGE FAHIMI, Bar No. 252152
   LITTLER MENDELSON, P.C.
9  5200 North Palm Avenue, Suite 302
   Fresno, CA  93704.2225
10 Telephone:    559.244.7500
   Facsimile:    559.244.7525
11 Email: bkthomas@littler.com; sfahimi@littler.com

12 Attorneys for Defendant
   LOZANO SMITH, INC. AND CARLITA
13 ROMERO

14

15                  UNITED STATES DISTRICT COURT

16                  EASTERN DISTRICT OF CALIFORNIA

17

18 CYNTHIA M. PIASECKI,                    Case No.  1:11-CV-01219-SMS

19              Plaintiff,                  **STIPULATED PROTECTIVE ORDER**

20 v.

21 LOZANO SMITH, INC., CARLITA             Trial Date:  April 8, 2013
   ROMERO, and DOES 1-10.,
22
               Defendant.
23

24         Documents and information subject to discovery in this action reflect, or may reflect,

25 confidential financial, commercial, proprietary, medical, personnel or personal information of the

26 parties and non-parties.  The following Stipulation and Protective Order shall govern the production,

27 disclosure, and use of such confidential information in this action.

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

**STIPULATION RE PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, through their respective undersigned counsel, that a Protective Order shall be entered in this action as follows:

### 1.    Definition of Confidential Information.

For purposes of this Stipulation and Protective Order, "confidential information" means the originals or copies of business or financial records, documents containing trade secrets or proprietary information, personnel records, medical records and any other writing as defined by Federal Rule of Civil Procedure 34(a)(a)(A) reflecting confidential, commercial, medical or personal information that counsel for any of the stipulating parties has in good faith designated as confidential, and also included in the definition of "confidential information" is the information on said records or documents or other information that counsel for any of the stipulating parties has in good faith designated as confidential.  No information shall be claimed to be confidential unless counsel making the claim has a reasonable, good faith belief that the information meets the criteria specified above.  Once so designated, confidential documents, records or information shall be subject to the protection of this Protective Order unless such protection is expressly waived in writing by all of the stipulating parties or to the extent the Court rules that information, a document and/or a record shall not be subject to this Protective Order.  Receipt of the same or similar information from a separate or different source or document does not remove the information, document(s) and/or record(s) designated as confidential from the protection of this Protective Order.

### 2.    Time and Manner of Designation.

Counsel may designate documents, writings and/or information as confidential at the time of the production of the information, documents or other writings which counsel believes in good faith is confidential.  Documents produced prior to the execution of this Stipulation for Protective Order and Protective Order may be designated confidential by the producing party so long as counsel so designating has a reasonable, good faith belief that the information meets the criteria specified above.

//

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

1   Documents shall be designated confidential by placing the word "confidential" in red

2   (if readily available) on the document or, if the document was produced prior to the execution of this

3   Stipulation for Protective Order and Protective Order, by identifying the document as confidential in

4   writing to all counsel.  Information given in deposition shall be designated confidential on the record

5   during the deposition.   Confidential information given during a deposition can be designated

6   confidential at any time during the deposition or within the time period allowed for making

7   corrections to the deposition.  If requested by counsel, such information will be transcribed by the

8   Court Reporter in a separate "confidential booklet" clearly marked "Confidential" on the outside

9   front cover.

10   **3.      Coverage.**

11   This Protective Order shall control production, disclosure, and use of confidential

12   information throughout the course of this case.  This Protective Order shall not constitute or be

13   deemed to constitute any admission by any of the stipulating parties or a determination by the Court

14   as to any contested issue in this case, including, without limitation, the existence or nonexistence of

15   a privacy interest or privilege relating to said confidential information or its admissibility at trial.

16   **4.      Limits on Disclosure and Use.**

17   Documents and information obtained in discovery and designated confidential

18   pursuant to this Stipulation shall not be disclosed to any person including any competitors or any

19   other person except that documents and information designated confidential may be disclosed to the

20   following persons and entities, provided that to do so is necessary and unavoidable for legitimate

21   purposes related to this litigation and done in good faith:

22   (a)      counsel for the parties hereto, and their clerks, secretaries, paralegals and

23   investigators;

24   (b)      relevant experts and consultants;

25   (c)      persons who are being prepared by counsel to give testimony at a deposition

26   or at trial, provided they are likely to be asked questions about the confidential

27   documents, information and/or records;

28   //

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

3.

1     (d)    persons who are being examined by counsel at a deposition or at trial,

2  provided further that opposing counsel is given an opportunity to move to

3  prevent any such disclosure;

4     (e)    court personnel, including court reporters and clerks engaged in proceedings

5  necessary to the preparation for trial or the actual trial, of this matter.

6     (f)    as described in paragraph 5, below.

7  When one party has expressly designated information as confidential in conformity

8  with paragraphs 1 and 2 above, then the other parties and their respective counsel shall safeguard

9  such designated confidential information against disclosure. All counsel shall advise persons

10  receiving designated confidential information in this action of this Protective Order and secure their

11  representation in writing to maintain such information in a confidential manner, as set forth on

12  Exhibit A.

13  **5.      Use of Confidential Information at Trial.**

14  Counsel for the stipulating parties agree that before trial, they will negotiate in good

15  faith with respect to the confidential status of documents, records or information previously

16  designated as confidential and the use of said documents, records or information at trial.  In the event

17  the parties are unable to agree to the confidential status and use of such information, documents,

18  records or information previously designated as confidential, the parties shall not disclose or

19  otherwise use said information at trial until a stipulating party or parties has had an opportunity to

20  bring a motion before the Court for relief from the provisions of this Protective Order.

21  Information, documents or records designated confidential will be heard or seen, as

22  the case may be, at the trial only by the judge, jury, necessary court personnel, parties, necessary

23  witness(es), and attorneys. The judge will instruct the jury as to the confidential nature of the

24  information, documents and/or records and the fact said evidence is to remain confidential.

25  **6.      Lodging or Filings with the Court.**

26  Where counsel for a party seeks to use confidential information in any filing or

27  proceeding in this action, including in pleadings, motions, depositions or other papers filed with or

28  otherwise submitted to the Court, counsel shall first submit a motion to file such information or

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

4.

1   introduce it in a court proceeding "under seal," and shall request that such information be kept out of

2   the public record in this action.  Any motion requesting leave to file documents under seal shall

3   comply with the requirements of Eastern District of California, Local Rule 141.  Counsel for a party

4   submitting a motion under seal shall not file confidential information or introduce it in a court

5   proceeding unless and until the Court grants the motion to seal.  Submission of any confidential

6   information to the Court under seal shall not otherwise relieve the parties or their counsel of their

7   obligations as described in this Protective Order.

8              **7.    Notice of Coverage by Order.**

9              (a)    The portions of any pleading, motion, affidavit, transcript of any deposition or

10  other paper filed with the Court which constitutes, identifies, quotes or refers to designated

11  confidential information shall be filed with the Court only in sealed envelopes bearing the following

12  statement:

13           **CONFIDENTIAL:  THIS ENVELOPE CONTAINS**

14           **DOCUMENTS AND INFORMATION FILED SUBJECT TO A**

15           **PROTECTIVE ORDER.**

16             (b)    Deposition transcripts and other discovery matter which have been designated

17  confidential information will be marked by the court reporter or by the parties or their counsel on the

18  cover of the transcripts or in other prominent locations to reflect this Protective Order.

19             **8.    Modification of Order.**

20             (a)    This Protective Order is made without prejudice to the parties' rights to

21  designate as confidential any additional documents or information that may be requested in the

22  future.  However, any such document or information will be so designated as confidential.

23             (b)    Material disclosing designated confidential information may be removed from

24  the restrictions of this Protective Order only upon the written agreement of the stipulating parties or

25  by Court Order.

26

27

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

5.

1        (c)     In the event that either or any of the stipulating parties disagrees with any other stipulating party's designation of information or documents as confidential, the stipulating party contesting confidentiality may, upon motion with notice to the other stipulating party, seek a Court Order removing the contested information from the terms of this Protective Order.  Prior to any such motion, the parties shall meet and confer in good faith in an effort to reach agreement.

        (d)     Upon noticed motion by any stipulating party, the Court shall have authority to modify the terms of this Protective Order for good cause shown.  Prior to any such motion, the parties shall meet and confer in good faith in an effort to reach agreement.

**9.     Return of Designated Confidential Information.**

        When the action has terminated by settlement, judgment or dismissal and all appeals, if any, have been exhausted, all designated confidential information shall be returned to the party producing the documents, including all copies thereof, the parties may at that time agree that, as an alternative, a party possessing confidential information will destroy that information in a secure manner within thirty (30) days of written request from the party that produced the confidential information.

**10.     Limits on Scope of Protective Order.**

        Nothing in this Protective Order shall be construed to relieve any party from the obligation to respond timely to any future discovery request, nor shall this Protective Order be construed as a waiver of the right to assert any objection to a discovery request.  Neither shall this Protective Order be construed so as to prejudice the right of any party hereto to file and use a designated document in this court in connection with motions or trial proceedings, settlement conference, trial, or any other hearing or proceeding in this matter, so long as the provisions of this Protective Order are complied with.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1

2

Dated: February __13_, 2012

3

4                                        By: /s/ Jacob J. Rivas
                                            _____
                                            JACOB J. RIVAS
                                            LAW OFFICE OF JACOB J. RIVAS
5                                           Attorneys for Plaintiff
                                            CYNTHIA M. PIASECKI

6       Dated: February __15_, 2012

7

8                                        By: /s/ Khatereh Sage Fahimi
                                            _____
                                            KHATEREH SAGE FAHIMI
9                                           LITTLER MENDELSON, P.C.
                                            Attorneys for Defendant
10                                          LOZANO SMITH, INC. AND CARLITA
                                            ROMERO

11

12

13      IT IS SO ORDERED.

14

15          Dated:   **February 16, 2012**          **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

7.